FILED

APR 0 6 2022

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Rev. 5/2017 Prisoner Complaint

## United States District Court
### Eastern District of North Carolina
### Western Division

Case No. 5:22-CT-3118-BO

(To be filled out by Clerk's Office only)

## Kenneth Leon Meader

Inmate Number 10009-036

*(In the space above enter the full name(s) of the plaintiff(s).)*

## COMPLAINT

*(Pro Se* Prisoner)

-against-

## UNITED STATES OF AMERICA;
## Unknown SHU "Special Housing Unit" Correctional
## Officers; BRANDON WYCHE, PA.; A. Eddins,
## RN; Edavally Reddy, M.D.; Graham Keats, M.D. (cont.)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

Jury Demand?
☑ Yes
☐ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Page 1 of 10

Full List of Defendants:

1) United States of America

2) Unknown SHU "Special Housing Unit," Correctional Officers[1]

3) Brandon Wyche, PA.

4) A. Eddins, RN

5) Edavally Reddy, M.D.

6) Graham Keats, M.D.

7) Unknown Medical Staff Delivering Medication in SHU[2]

Footnotes

1. Mr. Meader exhausted all remedies to have a list of staff in the SHU provided, to include a Freedom of Information Act request, all of which were refused and therefore must proceed with these Defendants unknown at this point in the proceeding. (See Exhibit A). For purposes of copies, ten will be provided to the Clerk of Court for these officers and Mr. Meader will follow any direction provided in reference to this complicated circumstance.

2. Medical staff witnessed my extreme pain climbing down the bunk for medication.

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☐ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☑ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☑ Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II. PLAINTIFF INFORMATION

Kenneth Leon Meader
Name

10009-036
Prisoner ID #

Butner Medium II FCI
Place of Detention

P.O. Box 1500
Institutional Address

Butner     North Carolina     27509
City               State             Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee   ☐ State   ☐ Federal
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced state prisoner
☑ Convicted and sentenced federal prisoner

## IV.  DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:  **Unknown SHU "Special Housing Unit" Correctional Officers[1]**
Name

**Federal Correctional Officer**
Current Job Title

**Butner Federal Correctional Institution 2, P.O. Box 1500**
Current Work Address

**Butner**  **North Carolina**  **27509**
City  State  Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Defendant 2:  **Brandon Wyche**
Name

**Physician Assistant**
Current Job Title

**Butner F.C.I. 2, P.O. Box 1500**
Current Work Address

**Butner**  **North Carolina**  **27509**
City  State  Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Footnote:
1. Mr. Meader requested the names of the officers working the SHU while he was being tortured; however, he was refused the names and went to the extreme measure of filing a Freedom of Information Act (FOIA) request for the information and was flatly denied on all levels. See Page 3 of 10 Exhibit A.

**Defendant(s) Continued**

Defendant 3:   A. Eddins,
Name

Registered Nurse
Current Job Title

Butner F.C.I. 2, P.O. Box 1500
Current Work Address

Butner      North Carolina     27509
City                State            Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Defendant 4:   Edavally Reddy.
Name

Medical Doctor
Current Job Title

Butner F.C.I. 2, P.O. Box 1500
Current Work Address

Butner      NC      27509
City                State            Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Defendants Continued

Defendant 5:   Name: Graham Keats
                       Current Job Title: Medical Doctor
                       Current Work Address: Butner F.C.I. 2
                                        P.O. Box 1500
                                        Butner, NC 27509
                       Capacity in which being sued: Both Individual and Personal

Defendant 6:   United States of America
                       Attorney General Merrick Garland


Defendant 7: Unknown Medical Staff Delivering Medication in
                 SHU[1]
                 Current Job Title: _____ Unknown _____
                 Current Work Address: Butner F.C.I. 2
                                        P.O. Box 1500
                                        Butner, NC 27509


Footnotes:
   1. Mr. Meader has been denied medical records showing the names of
these Defendants but Counsel will be able to get the information
easily and update with the names if assigned as requested. Mr. Meader
has attempted to obtain pro-bono representation in the first stages of
this lawsuit with no success.

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _Butner Medium II Federal Correctional Institution_

Date(s) of occurrence: _February 22, 2020 through March 3, 2020_

State which of your federal constitutional or federal statutory rights have been violated:

Under the FTCA, Federal prison employees are responsible for negligent denial of medical care, and breached their duty of care among other torts. Under Bivens, My Constitutional Eighth Amendent rights were egregiously violated.

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

Prison officials at Butner Medium II Federal Correctional Institution acted with callous indifference, when I was moved to the Special Housing Unit (SHU) on February 22, 2020 after being brutally assaulted by two hispanic inmates. I sustained numerous injuries from the assault including facial fractures, a jaw fracture, rib fractures, multiple contusions, among other injuries. Despite being over 70 at the time with numerous health conditions, I was not taken to a hospital but instead seen by in-house medical staff which was woefully inadequate for the extent of my injuries. A. Eddins, RN first saw me at medical where my intense pain and injuries were minimized and I was taken to the SHU. Ibuprofen was prescribed but had no effect on the pain I was experiencing.

Upon entry to the SHU, correctional officers placed me in an upper-bunk despite knowing I was medically prescribed a lower-bunk pass due to medical conditions indepedent of the

Who did what to you?

Page 5 of 10

**What happened to you?**

assault. The bunk in the SHU has no ladder to assist getting into the upper-bunk and having to climb up to the upper-bunk caused me excruciating pain and suffering worse than anything I have ever experienced and even worse than 42 rounds of radiation treatment for prostate cancer in 2010 which has recently recurred. As I was forced to climb up to the upper-bunk I could feel the fractured ribs cutting into the tendons or muscles in that area and it was so intense I almost lost consiousness after experiencing the pain. I asked, pleaded, and begged the correctional officers on duty for a lower bunk and I was ignored. Medical staff dispensing my medication witnessed the extreme pain I was in as I had to climb down to get my medication.

**When did it happen to you?**

I begged to see medical again and was taken to medical on February 24, 2020 and seen by Brandon Wyche. I reported that I had extreme pain and difficulty climbing into the top bunks and he knew I had a bottom-bunk pass yet released me back to the SHU in the same upper-bunk which contributed to the wanton infliction of pain in callous indifference to my medical needs.

I also was unable to chew due to a jaw fracture and I told Brandon Wyche I couldn't eat food. A dental panorex was done and a dental assistant did not see a fracture.

**Where did it happen to you?**

On February 25, 2020 a dentist reviewed the panorex and a jaw fracture was confirmed so a medical soft diet was ordered. The correctional officers working in the SHU never provided a mechanic soft diet in the SHU despite it being ordered by medical and ordered to be monitored for tolerance. I was not able to eat the meals provided and I begged the correctional officers for the soft-food diet tray and was ignored. I was

Page 6 of 10

10

**What was your injury?**

literally being starved by not being given the medically prescribed mechanical-soft diet and the correctional officers were callously indifferent to this serious medical need just as they were to the medically prescribed lower bunk pass. The medical staff that brought medication were advised of my extreme pain and lack of a diet tray and did nothing to intervene despite my obvious pain and suffering.

Specifically, all of the correctional officers responsible for my health, safety, and well-being, in the SHU caused me additional injury when I had to climb up to the upper-bunk with fractured ribs and other extensive injuries, and starved me by not providing me with the medically ordered soft-food diet. All of the medical staff involved that knew of my medically prescribed lower-bunk pass and soft-food diet that were also responsible for causing me direct injury and all, correctional officers and medical staff, breached their duty to keep me safe and were negligent because any reasonably prudent person listening to my pleas of needing a lower bunk and a soft-food diet and knowing of my extensive injuries would know of the importance of providing assistance and care.

The amount of medical staff and correctional officers that knew of and ignored my condition is staggering and that is what brings this to a level of callous indifference, warranting all of the relief requested if not more. These were conditions equivalent to torture and reached the level of intentional infliction of emotional distress because it was extreme and outrageous to force an elderly, severly injured, inmate with a medically prescribed lower-bunk pass into an upper bunk and to starve him at the same time. I will live with the memory of this torture for the rest of my life and the direct inaction of the correctional officers and medical staff caused this

Case 5:22-ct-03118-BO    Document 1    Filed 04/06/22    Page 9 of 15

extreme emotional distress. Worse still, I reported all of my conditions to medical at pill line and when taken to medical and nothing was done to remedy the torturous conditions. It was notated I had a lower bunk pass in SENTRY by medical, yet Brandon Wyche, PA, knew I was having major problems being placed in an upper-bunk and took no further action to ensure I was placed in a lower-bunk. In addition to the soft-food diet, it was ordered but never given. Both medical staff and the SHU officers are at fault for the torture that clearly violated my Eighth Amendment rights. A lay person is easily able to see the damage that is caused by starving someone and the damage caused by someone with extensive injuries being forced into an upper-bunk without a ladder.

The Eighth Amendment prohibits cruel and unusual punishment and entitles prisoners to medical care that is not so poor as to amount to punishment. I had a serious medical need for a lower bunk, a soft-food diet, and proper medical care for my injuries. Instead, as has been covered in depth, I was tortured and my pleas for help were ignored. The objective review of this claim will easily reach the threshold of being subjected to conditions that seriously affected my health and safety. These conditions lasted longer than a week and caused both physical and psychological injury.

The subjective test is easily met as well because there is extensive evidence in medical records that medical staff were apprised of the pain and suffering I experienced climbing into the upper-bunk. SHU staff were equally aware of my need for a bottom-bunk. The failure to respond in a reasonable manner to the need for the bottom bunk and a medically prescribed soft-food diet was deliberate indifference, and visually seeing me and refusing my direct pleas for help reached a level of callous indifference.

All defendants had a duty to provide reasonable care and failed in that duty while directly witnessing or knowing of conditions that were torturous. As will easily be proven in discovery and further exhibits that are not being provided at this time specifically because of the directions in this form, relief is fully warranted. Mr. Meader is also respectfully asking for assistance of counsel and is unable to afford the costs of an attorney and would need Court-Appointed counsel. There are very involved complicated legal issues and a jury trial will be a strong possibility because of the Bureau of Prisons inability to take responsibility for their egregious and blatant violations of Mr. Meader's substantial rights. No rights are being waived due to this pro-se filing being prepared with non-qualified legal assistance.

## SPECIFIC RESPONSIBILITY OF DEFENDANTS

1.) Unknown SHU "Special Housing Unit" Correctional Officers: All of the correctional officers failed to use reasonable care and were negligent in their responsibilities while Mr. Meader was in the SHU under their supervision. Mr. Meader was placed in an upper-bunk with no ladder and was medically prescribed a lower-bunk pass and had extensive facial, jaw, and rib fractures that caused excruciating pain and injury when he had to climb up to the upper-bunk. In addition, Mr. Meader complained and begged for a lower bunk from the correctional officers and was ignored which shows an intentional infliction of Emotional distress. In addition, the actions were cruel violating Mr. Meaders Constitutional Eighth Amendment rights. The failure to provide the medically prescribed soft-food diet was equally cruel and caused injury by preventing Mr. Meader from obtaining the proper nutrients which exacerbated the pain and suffering.

2) Brandon Wyche: As the physicians assistant, (PA) that assisted with Mr. Meader's medical treatment, he was aware of the medically prescribed lower-bunk pass and was aware that he was having problems climbing into the top bunk in the SHU. He took no action to remedy this particular cruelty and was deliberately indifferent to Mr. Meaders serious medical needs. He also failed to ensure he received the medically ordered mechanical soft-food diet that he knew Mr. Meader needed. Mr. Wyche also continiously doubted a jaw fracture, rib fractures and facial fractures, despite all of these being confirmed and this prevented Mr. Meader from getting the proper medical treatment initially and especially appropriate pain medication and instead Mr. Meader was subjected to tortous conditions and left in extreme pain and emotional distress thinking he was going to die each day.

3) A. Eddins: A registered nurse, A. Eddins was deliberately indifferent to Mr. Meader's serious medical needs as she failed to recognize all of the signs of major trauma to include rib fractures, facial fractures, and a jaw fracture as she downplayed the extent of his injuries when he first arrived at medical and was reckless in her responsibilities and deliberately indifferent to Mr. Meader's substantial injuries. She also allowed Mr. Meader to be taken to the SHU and placed in an upper-bunk. Her actions were careless and showed a level of callous indifference because she could have appropriately treated Mr. Meader with reasonable care and appropriate pain management.

4) Edavally Reddy: A medical doctor, Edavally Reddy was responsible for ensuring Mr. Meader received adequate medical care after his assault. Instead, under her supervision, Mr. Meader was subjected to conditions equivalent to torture and had his injuries exacerbated and was allowed to be subjected to intentional infliction of emotional distress. The failure of her to take appropriate action to ensure Mr. Meader received adequate treatment was deliberately indifferent to his serious medical needs.

5) Graham Keats: A medical doctor, and Mr. Meader's primary care physician, Dr. Keats failed to uphold his responsibilities to ensuring Mr. Meader had appropriate care and treatment after his assault. Any reasonable doctor that knew of Mr. Meader's injuries and his complaints of having to get in an upper-bunk would have taken immediate action to ensure this cruel treatment was remedied. Instead, it was ignored by Dr. Keats in deliberate indifference to Mr. Meaders serious medical needs, allowing for his injuries to be exacerbated and for him to experience extreme pain and this was callous indifference looking at the totality of circumstances.

6) Unknown Medical Staff Delivering Medication in SHU: These staff members witnessed the pain and suffering of Mr. Meader each time they saw him have to climb down from the upper-bunk to get medication and ignored his pleas for help to get a lower-bunk which showed a level of callous indifference. These staff members were also told of his need for a soft-food diet and ignored these pleas for help even though the diet was medically prescribed. This was an intentional infliction of emotional distress and was callously indifferent to Mr. Meaders serious medical needs.

## VI.  ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?  ☑ Yes   ☐ No

    If no, explain why not:

_____

_____

_____

_____

_____

Is the grievance process completed?  ☑ Yes   ☐ No

    If no, explain why not:

_____

_____

_____

_____

_____

## VII.  RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

My prayer for relief is that this Court will hold the United States of America accountable for the injuries caused by correctional officials to me under the FTCA and award the requested $250,000 claim and for violating my Constitutional right to be free from cruel and unusual punishment, award $1,250,000 in total for compensatory and punitive damages and have the attorney fees paid by the Defendants. A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and laws of the United States. A jury trial on all issues triable by jury. Any additional relief this Court deems just, proper, and equitable.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?                    ☐ Yes    ☑ No

If yes, how many?  _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

3-30-2022
Dated

*Kenneth Meader*
Plaintiff's Signature

Kenneth Leon Meader
Printed Name

10009-036
Prison Identification #

| P.O. Box 1500 | Butner | NC | 27509 |
|---|---|---|---|
| Prison Address | City | State | Zip Code |

Exhibit Listing
A. FOIA Request for Staff working SHU
B. Denial of FTCA Administrative claim